**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01114-CMA

SANDRA MAESTAS,

      Plaintiff,

v.

MICHAEL J. ASTRUE,

      Defendant.

---

## ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE'S DECISION

---

This matter is before the Court on Plaintiff Sandra Maestas's appeal of the Commissioner's November 2, 2009 decision denying her claim for Disability Insurance Benefits and Supplemental Security Income, pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34 and 1381-83. Jurisdiction is proper under 42 U.S.C. § 405(g). This claim has a long procedural history. Plaintiff previously appeared before United States District Judge Marcia Krieger in connection with this claim. On May 10, 2002, Judge Krieger remanded the case to the Commissioner for further determination consistent with her order of that same date.

# I.  BACKGROUND

Plaintiff Sandra Maestas was born on November 28, 1951, and was 49 years old as of November 27, 2001, the last day of the period under consideration.  Plaintiff has a ninth grade education and past relevant work as a retail sales clerk, housekeeper, and floor attendant.  Plaintiff alleges disability due to diabetes mellitus with peripheral neuropathy of the feet.  (AR 89.)

## A.    PLAINTIFF'S APPLICATION AND TESTIMONY

Plaintiff applied for Disability Insurance (Title II) benefits on February 26, 1996 and Supplemental Security Income (Title XVI) benefits on November 2, 1995.  (AR 77-80; 212-215, respectively.)

On August 23, 1996, Plaintiff's application was denied.  (AR 56, 66-69; 65, 72-74; 13-21; 9-12.)  A hearing was held before an ALJ on May 20, 1997.  This was the first of four hearings that were ultimately held in connection with Plaintiff's claim.  Although Plaintiff initially asserted an alleged disability onset date of November 14, 1994, due to neuropathy of the feet (AR 77), she amended her alleged disability onset date to July 1, 1995, at the May 20, 1997 Hearing (AR 27-29).  After the Appeals Council denied Plaintiff's request for review, on October 25, 1999, Plaintiff filed a complaint in this District seeking judicial review of the denial of benefits (Case No. 99-MK-2069, Doc. #1), and the matter was heard by United States District Judge Marcia Krieger on May 10, 2002.  (AR 459-73).  Judge Krieger remanded Plaintiff's disability claim for further consideration on May 19, 2002, and in particular:

> for reconsideration of Ms. Maestas' residual functional capacity, taking into account the claimant's need for sedentary work as defined by both of her treating physicians, with an option to stand but not an alternation of sit/stand, as the administrative law judge did in this case; for making of a specific pain assessment in the formulation of the RFC, and finally, then, for presentation of new hypotheticals to the vocational expert based upon a reformulated RFC.

(AR 471.)

Following a remand from the Appeals Council that directed the ALJ to "comply with [Judge Krieger's Order], provide [Plaintiff] an opportunity to appear at the hearing, develop the record pursuant to 20 CFR 404.1512-404.1518 and/or 416.912-416.918, and issue a new decision" (AR 503-04), a second hearing was held on January 13, 2004 (AR 494-97).  Plaintiff appeared at the hearing, but did not testify.  Dennis Duffin, a vocational expert testified (AR 478).  Thereafter, on March 8, 2004, the ALJ issued a partially favorable decision in which he found that Plaintiff was disabled as of November 28, 2001 (her 50th birthday), but not prior to that date (AR 474-493).

On April 7, 2004, as allowable under the Regulations, Plaintiff filed "Exceptions" to the portion of the ALJ's March 8, 2004 Decision pertaining to the question of "disability" prior to November 28, 2001.  (AR 456-458.)  The Appeals Council considered Plaintiff's Exceptions (AR 456-58), vacated the ALJ's decision only on the issue of disability before November 28, 2001, and remanded the case for further proceedings.  (AR 451-53.)  In remanding the case, the Appeals Council directed the ALJ to:

     (1)    Consider Plaintiff's obesity pursuant to S.S.R. 01-1p;

     (2)    Further consider Plaintiff's maximum RFC and provide rationale with specific supporting references to the record; evaluate, and explain the weight given to the treating source opinions pursuant to the Regulations; where necessary, seek additional evidence and/or clarification from Plaintiff's treating sources; and

     (3)    If necessary, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. Additionally, the ALJ should ask hypothetical questions that reflect Plaintiff's limitations, as supported by the record, and the ALJ should identify and resolve any conflicts between the VE's proffered occupational evidence and the information contained within the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupations.

(AR 452.)

A third hearing was held on June 26, 2007. (AR 435-38). Plaintiff appeared at this hearing but did not testify; Daniel Best, the vocational expert who had testified at the first hearing on May 20, 1997 also testified. (AR 338-39.) This third hearing focused on Plaintiff's purported disability during the period of July 1, 1995 through November 27, 2001. (AR 339.) The ALJ issued an Unfavorable Decision on July 17, 2007. (AR 335-52.) Again, Plaintiff filed Exceptions with the Appeals Council. (AR 397-403.) On June 30, 2009, the Appeals Council again remanded Plaintiff's claim for the ALJ to do the following ("June 30, 2009 Order of Remand"):

     (1)    In a supplemental hearing, allow Plaintiff the opportunity to offer testimony about the nature of her symptoms from May 20, 1997 and evaluate Plaintiff's subjective complaints; in his decision, the ALJ should explain his evaluation of Plaintiff's symptoms;

     (2)    Further consider Plaintiff's maximum RFC, explain his rationale, and refer to supporting evidence in the record;

    (3)       If necessary, obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments for the period through September 30, 1998, and prior to November 28, 2001; and

    (4)       If necessary, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base; hypothetical questions should reflect the record-supported limitations and the ALJ should ask the vocational expert to identify the available jobs via the process set forth in the Regulations.

(AR 388-92.)

The ALJ held a fourth hearing on October 30, 2009. (AR 927-64.) At the hearing, Plaintiff testified about laser surgery and cataracts surgery she had performed on her eyes after the first hearing in May 1997, the extent to which those surgeries improved her vision; neuropathies she experienced in her legs in 1997 and 1998; the extent to which pain medications relieved her symptoms; the extent to which her pain interfered with her ability to work in the cosmetics department at Wal-Mart; her ability to attend services and Bible studies at church three times a week, despite all the standing up and sitting down; the extent to which her weight gain interfered with her ability to move around; her ability to snack throughout the day without interference with her ability to get work done; and her difficulty with holding things due to the partial amputation of a couple of her fingers. (AR 942-963.)

**B.    VOCATIONAL EXPERT**

Daniel Best, a vocational expert who previously testified at the third hearing on June 26, 2007, also testified at this fourth hearing. (AR 933-942.) At the third hearing, the ALJ had asked Mr. Best to consider a hypothetical individual who was Plaintiff's age,

with the same education, and work experience.  The hypothetical individual also had the following limitations:

- decreased night vision with no driving at night;

- sedentary work, i.e., lift and carry up to 10 pounds occasionally, sit 6 hours in an 8-hour workday, and stand or walk 2 hours in an 8-hour workday;

- requires "frequent" breaks for regular meals, snacks, and blood glucose monitoring (breakfast and dinner are outside normal work hours, and lunch time must be provided to a worker; snacks can be taken without leaving the work site for an unscheduled break; and blood glucose monitoring can be done twice a day before work and after work);

- and stand at will, but does not need to leave the work site.

(AR 977-78.)  The vocational expert opined that the individual could perform unskilled, sedentary jobs, including touch-up screener; final assembler; call-out operator; food and beverage order clerk; and surveillance-system monitor.  At the fourth hearing in October 2009, the vocational expert updated the job-availability numbers for the five occupations he previously identified at the third hearing, as follows:

- touch-up screener – 350 jobs in Colorado and 45,000 jobs in the United States;

- final assembler – same as prior numbers;

- call-out operator – 180 jobs in Colorado and 14,000 jobs in the United States;

- food and beverage order clerk – same as prior numbers; and

- surveillance-system monitor – 280 jobs in Colorado and 18,000 jobs in the United States.

(AR 936-41.)

**C.    THE ALJ'S DECISION**

In a decision dated November 2, 2009, the ALJ concluded that Plaintiff was not disabled any time from July 1, 1995, through November 27, 2001.  (AR 334.)  The ALJ determined that Plaintiff had the following impairments during that relevant period: diabetes mellitus with peripheral neuropathy of the feet, diabetic retinopathy, and obesity, but determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ further noted that Plaintiff was previously found disabled beginning November 28, 2001, but noted that such finding was not presently before the ALJ.  (*Id.*)  Once again, Plaintiff filed exceptions with the Appeals Council.  (AR 307-15.)

On March 16, 2010, after having considered Plaintiff's latest set of Exceptions, the Appeals Council declined to exercise jurisdiction.  (AR 303-305.) On May 13, 2010, Plaintiff filed a Complaint, seeking judicial review of the denial of Social Security Benefits.  (Doc. # 1.)  The Administrative Record was filed with the Clerk's Office on July 19, 2010 (Doc. # 9), and Plaintiff filed her Opening Brief on October 28, 2010 (Doc. # 28).  Defendant filed its Response Brief on December 2, 2010 (Doc. # 29) and Plaintiff replied on December 20, 2010 (Doc. # 32).  A hearing was held before this Court on March 17, 2011.  (Doc. # 36.)

In this appeal, Plaintiff contends that the ALJ erred in the following two ways:

(1) The ALJ's November 2, 2009 Decision that Plaintiff was not disabled at any time prior to November 28, 2001, is not supported by substantial evidence, specifically, the ALJ's assessment of Plaintiff's credibility was not adequately supported by substantial evidence; and

(2) The ALJ improperly applied the law in reaching his conclusion that Plaintiff was not disabled at any time prior to November 28, 2001; specifically, the ALJ's formulation of Plaintiff's RFC was flawed because it did not consider the extent to which Plaintiff's pain interfered with her ability to perform work activities on a regular basis.

(Doc. # 28 at 5, 8.) In sum, Plaintiff takes issue with the ALJ's RFC assessment, which included his assessment of Plaintiff's credibility, thus Plaintiff's two issues will be addressed as one.

## II.  **STANDARDS OF REVIEW**

### A.  **REVIEW OF THE COMMISSIONER'S DECISION**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court does not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10tg Cir. 2006).

**B.     EVALUATION OF DISABILITY**

The qualifications for disability insurance benefits under the Social Security Act are that the claimant meets the insured status requirements, is less than sixty-five years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a *continuous* period of not less than *twelve* months." 42 U.S.C. § 1382c(a)(3)(A) (2006) (emphasis added). "[A] medical finding of disability is not based solely on objective test results. It includes an evaluation of the patient's medical history and the physician's observations of the patient, and necessarily involves an evaluation of the credibility of the patient's subjective complaints of pain. A medical opinion based on all of these factors is medical evidence supporting a claim of disabling pain, even if the objective test results, taken alone, do not fully substantiate the claim." *Nieto v. Hecker*, 750 F.2d 59, 61-62 (10th Cir. 1984).

### III.   ANALYSIS

**A.     THE ALJ'S FORMULATION OF PLAINTIFF'S RFC**

Plaintiff contends that "the ALJ failed to make a specific pain assessment in the formulation of the RFC," and this failure was "contrary to the District Court Order, the Appeals Council's June 30, 2009 Order of Remand, and applicable law." (Doc. # 28

at 10-11[1].)[2]  In particular, Plaintiff asserts that the ALJ failed to "address most of the factors recommended in the *Luna* decision[3] or in 20 C.F.R. § 404.1529." (*Id.* at 12). Plaintiff objects to the ALJ's reliance on Plaintiff's activities of daily living to make his credibility determination. (*Id.* at 14.)

In response, Defendant asserts that the ALJ's evaluation of Plaintiff's credibility is supported by substantial evidence, including evidence of her daily activities and inconsistencies between her testimony and evidence in the record, and the ALJ properly considered opinion evidence concerning the disabling nature of Plaintiff's pain and her impairments and noted the absence of any medical source opinions that Plaintiff was **unable** to sustain sedentary work on a regular and continuing basis. (Doc. # 29 at 15-17.)  Defendant also asserts that the ALJ accounted for Plaintiff's pain complaints in his assessment of Plaintiff's RFC. (*Id.* at 18.)

The Court finds that the ALJ's assessment of Plaintiff's RFC comported with Judge Krieger's May 10, 2002 Order, the Appeals Council's June 30, 2009 Order of Remand, and applicable law, including both the Regulations and the *Luna* analysis.

---

[1] Page number citations refer to the numbering used by the Court's CM/ECF docketing system and not the document's original page numbering.

[2] During the March 17, 2011 Hearing before this Court, Plaintiff contended that Judge Krieger's May 19, 2002 Order required a pain assessment be conducted by a medical professional. However, Judge Krieger's Order simply set forth specific tasks for the ALJ, including that he "mak[e] a specific pain assessment in the formulation of the RFC[.]" (AR 471.)  Judge Krieger's Order did not require a pain assessment be performed by a medical professional.

[3] *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1983).

Pursuant to the Regulations, when considering the severity of a claimant's pain, the Commissioner considers factors such as: the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant received or has received for relief of her pain or other symptoms; any measures the claimant uses or has used to relieve her pain or other symptoms; and other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3). In the case at bar, Plaintiff complains that the ALJ "did not address most" of the factors. (Doc. # 28.)  However, Plaintiff cites to no authority, and the Court is not aware of any authority, that requires the ALJ to explicitly address each of these factors.  *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (stating that the ALJ is not required to do a "factor-by-factor" analysis in assessing credibility); *cf. Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996) (stating, "the ALJ's evaluation of [the] plaintiff's subjective complaints was flawed by his reliance on factors that were not supported by the record and by his failure to consider other factors that were supported by the record.").  The ALJ simply needs to set forth the specific evidence he relies on in evaluating the claimant's credibility.  *Qualls*, 206 F.3d at 1372.

The Court finds no error in the ALJ's analysis.

"[D]isability benefits may not be awarded on unsubstantiated claims of pain. Such subjective symptoms must be evaluated with due consideration of credibility, motivation, and medical evidence of impairment." *Broadbent v. Harris*, 698 F.2d 407 (10th Cir. 1983). As articulated by the Tenth Circuit in *Luna v. Bowen*, 834 F.2d 161, 163-164 (10th Cir. 1987), when assessing a claimant's pain, the ALJ must consider: (1) whether the claimant has a pain-producing impairment established by the objective medical evidence and (2) whether at least a loose nexus exists between the impairment and the claimant's subjective allegations of pain. If a nexus exists, then the ALJ must determine whether based on all the evidence, both objective and subjective, the claimant's pain is disabling. To be disabling, the "pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986) (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983)).

Credibility determinations are peculiarly the province of the ALJ and will not be overturned if supported by substantial evidence. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). A claimant's credibility may be questioned because of inconsistencies between her testimony and other evidence of record. *See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). A "[c]laimant's testimony alone cannot establish the existence of disabling pain." *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992).

In the instant case, there is no question that Plaintiff experiences pain, which limits her to a certain extent. In the November 2, 2009 Decision, the ALJ determined that Plaintiff's "reports of pain and numbness in her feet resulting in a limited ability to stand and walk are generally credible," because "[t]hey are consistent with the record, and the opinions of [Plaintiff's] treating medical sources." (AR 330.) However, the question is whether, between July 1, 1995 and November 27, 2001, Plaintiff's pain precluded her from working a sedentary job. According to the ALJ, the answer is no. The ALJ determined that Plaintiff was "not credible to the extent she asserted an inability to perform sedentary work on a regular and continuing basis, *i.e.*, 8 hours a day, 5 days per week or an equivalent schedule." (*Id.*)

At this juncture in the proceedings, unlike when this action was last before this District, in his November 2, 2009 Decision, the ALJ did consider Dr. Mulligan's conclusions that Plaintiff needed a job that would allow her to sit. (*See* AR 138 for notation that Dr. Mulligan believes Plaintiff can work a job at which she could sit; *see also* AR 211 for Dr. Mulligan's notation on a state disability medical report of incapacity form that Plaintiff was able to pursue full-time employment; AR 330 for ALJ's discussion of evidence regarding Plaintiff's ability to perform a sedentary job). Dr. Mulligan's conclusions were consistent with the conclusions of Dr. Michael Zyzda, Plaintiff's treating podiatrist, who, on March 9, 1998, commented that Plaintiff "would do much better if she would stay off of her feet or get some kind of job that is off of her feet." (AR 253.) Moreover, the ALJ specifically noted, "[n]o opinion from any medical source

supports the claimant's argument that she was unable to sustain sedentary work on a regular and continuing basis," and that no other medical source has opined contrary to Dr. Mulligan's conclusions. (*Id.*) Further, pursuant to a Functional Capacity Assessment completed by Dr. Robert McKenna, an agency medical consultant, Plaintiff is able to sit, with normal breaks, for a total of about six hours in an eight hour day, and stand or walk at least two hours in an 8-hour day. (AR 58.) The ALJ incorporated these specific limitations into his previously-noted assessed RFC. (AR 331.)

Plaintiff has presented **no** evidence that she is unable to perform sedentary work. At the first hearing in May 1997, Plaintiff simply stated that she could not sit on the job because of "nervousness." (*See, e.g.*, AR 33). At the October 30, 2009 Hearing, Plaintiff testified that she could not remain seated due to numbness in her legs, she needed to stand up and move around after 30 minutes; sometimes she would sit and rock in a rocking chair "to relieve the . . . anxiety[.]" (AR 949, 951.) However, Plaintiff testified that the numbing sensation in her legs and her related feelings of anxiety did not prevent her from attending services, during which she was regularly required to alternate between sitting and standing, and Bible study at her church three times a week. (AR 952.)

Plaintiff attempts to bolster her contentions concerning the disabling nature of her pain with her own subjective statements. However, "[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Further, the record, consisting of both objective and

subjective evidence, supports the ALJ's conclusion that Plaintiff's pain is not disabling. *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987) (stating that when analyzing a claimant's pain complaints, and where a "loose nexus" exists between the claimant's impairment and her subjective allegations of pain, the ALJ must consider all the evidence, both objective and subjective, and determine whether the claimant's pain is in fact disabling).

At Step Four of the sequential evaluation where the ALJ assesses the claimant's RFC, the **plaintiff** has the burden of proving disability. *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992). In the case at bar, Plaintiff contends that the ALJ erred by overlooking her testimony at the May 1997 Hearing concerning the fact that, even when sitting during her Wal-Mart job, she was never able to alleviate any of the pain. (Doc. # 28 at 13.) However, as Defendant duly noted, "[D]isability requires more than mere inability to work without pain." (Doc. # 29 at 15) (quoting *Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989)). Further, as Plaintiff's own attorney admitted during the March 17, 2011 Hearing before this Court, there is a distinction between suffering pain and being disabled. (Rough Transcript of March 17, 2011 Hearing at 13:36:52-13:37:10). To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful activity." *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986) (finding that the plaintiff's testimony that she was uncomfortable sitting failed to establish the disabling nature of her pain). Although evidence in the record supports Plaintiff's contention that she cannot work without pain, Plaintiff has presented

no evidence that her pain, even in conjunction with other impairments such as her partially amputated fingers and related complaints of having difficulty holding things, is so severe as to preclude any substantial gainful employment. In sum, Plaintiff has not met her burden at Step Four.

Additionally, Plaintiff intimates that the ALJ's reliance on Dr. Mulligan's opinion that Plaintiff could work a sedentary job is flawed because adjudicators must "'not assume that a medical source using terms such as 'sedentary' and 'light' is aware of our definitions of those terms.'" (Doc. # 28 at 16, quoting S.S.R. 96-5p.) The Court is unpersuaded. The ALJ's no disability determination was supported by more than Dr. Mulligan's opinion. The ALJ also considered and relied upon the opinions and records from another one of Plaintiff's treating sources, Plaintiff's own testimony, Plaintiff's activities, and a Functional Capacity Assessment by an agency medical consultant. The ALJ's conclusions are consistent with substantial evidence in the record.

Finally, Plaintiff asserts that the ALJ's no-disability determination is flawed because the ALJ failed to consider the vocational expert's opinion that no jobs would be available to an individual who was so physically limited by pain as Plaintiff suggested. However, as noted above, the ALJ's findings regarding the limited effect of Plaintiff's pain complaints are adequately supported by the record, and the ALJ's findings were adequately reflected in a hypothetical inquiry posed to the vocational expert at the third hearing on June 26, 2007, in response to which the vocational expert identified

available sedentary jobs. Therefore, the vocational expert's testimony provided a proper basis for the ALJ's no-disability determination. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (concluding that a hypothetical question containing unaccepted limitations was not binding on the ALJ).

Accordingly, based on the foregoing, the Court finds that the ALJ's determination that between July 1, 1995 and November 27, 2001, Plaintiff was able to perform a sedentary job, despite her complaints of pain and her limitations, is supported by substantial evidence in the record.

## IV. **CONCLUSION**

Accordingly, based on the foregoing, IT IS ORDERED THAT:

(1) The ALJ's denial of social security disability benefits and supplemental income benefits is AFFIRMED; and

(2) Each party shall pay its own costs and attorneys' fees.

DATED: March __23__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge